United States District Court
Middle District of Florida
Tampa Division

**EDNA BRYANT,**

    *Plaintiff,*

v.                                                      No. 8:18-cv-2087-T-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Edna Bryant applied for supplemental security income, claiming she had become disabled at age 52 from diabetes, high blood pressure, "thyroid problems," "bone problems," "sinus problems," neuropathy, arthritis, and arm pain. Tr. 204, 208, 224. She brings this action under 42 U.S.C. § 1383(c) for review of the denial of her application, explained in a decision by an Administrative Law Judge ("ALJ") dated January 17, 2018, Tr. 27–44. The issue is straightforward: whether substantial evidence supports the ALJ's finding her past work as a housekeeper amounted to substantial gainful activity.[1] *See* Doc. 23 (her brief), Doc. 24 (Commissioner's brief).

## Standard

A court reviews the Commissioner's factual findings for substantial evidence. 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148,

---

[1]Summaries of the law and the administrative record are in the ALJ's decision, Tr. 27–44, and the parties' briefs, Docs. 23, 24, and not fully repeated here.

1154 (2019) (internal quotation marks and alteration omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* "Substantial evidence … is more than a mere scintilla. … It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The substantial-evidence standard applies only to factual findings. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "[N]o similar presumption of validity attaches to the … conclusions of law." *Id.*

## Law

To obtain benefits, a claimant must demonstrate she is disabled. 20 C.F.R. § 416.912(a). A claimant is disabled if she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Administration ("SSA") uses a five-step sequential process to decide whether a person is disabled, asking (1) whether she is engaged in substantial gainful activity, (2) whether she has a severe impairment or combination of impairments, (3) whether the impairment meets or equals the severity of anything in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App'x 1, (4) whether she can perform any of her past relevant work given her residual functional capacity ("RFC"), and (5) whether there are a significant number of jobs in the national economy she can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4).

If the SSA finds at step four a claimant can do her past relevant work, the SSA will determine she is not disabled. 20 C.F.R. § 416.960(b)(3). Past relevant work is

work a claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough … to learn to do it." *Id.* § 416.960.

Substantial gainful activity is work that "[i]nvolves doing significant and productive physical or mental duties" and "[i]s done (or intended) for pay or profit." *Id.* § 416.910. Work may be substantial even if "done on a part-time basis or if [a claimant] do[es] less, get[s] paid less, or [has] less responsibility" than when the claimant worked before. *Id.* § 416.972(a). Work is gainful "if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 416.972(b). The burden of showing certain work experience is not past relevant work is on the claimant. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

The SSA uses "several guides" to determine if work is substantial gainful activity. 20 C.F.R. § 416.974(a). The primary consideration is earnings derived from work activity. *Id.* § 416.974(a)(1). The SSA explains to claimants: "Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." *Id.* Other considerations are amounts earned and whether the claimant is working in a sheltered or special environment. *Id.* § 416.974(a)(2)–(3).

If a claimant worked continuously without significant change in work patterns or earnings, the SSA averages earnings from the entire work period to determine whether the work was substantial gainful activity. *Id.* § 416.974a(a). If a claimant's earnings levels change, the SSA will average earnings "separately for each period in which a different substantial gainful activity earnings level applies." *Id.* § 416.974a(b). "Earnings are generally averaged over the actual period of time in which work was performed." Social Security Ruling ("SSR") 83-35, 1983 WL 31257, at *1, 3 (Jan. 1, 1983) (providing example of claimant with reported earnings in one year from January to August and identifying the "actual period of work involved" as "the 8-month period from January through August"); *accord Schlegel v. Comm'r of*

*Soc. Sec.*, No. 6:16-cv-1236-Orl-DCI, 2017 WL 2379811, at *2 (M.D. Fla. June 1, 2017) (unpublished) ("A claimant's average monthly earnings while doing prior work is calculated by averaging the claimant's earnings over the actual period of work involved, not over the entire year.").

For work after January 1, 2001, earnings show substantial gainful activity if they "average more than the larger of: (A) [t]he amount for the previous year, or (B) [a]n amount adjusted for national wage growth, calculated by [a set formula]." 20 C.F.R. § 416.974(b)(2)(ii). The SSA publishes the adjusted wage amounts in a chart and through the Program Operations Manual System ("POMS"). *See* https://www.ssa.gov/oact/cola/sga.html; POMS DI 10501.015. The monthly amount to show substantial gainful activity for a non-blind claimant is $780 in 2002 and $900 in 2007.[2] *Id*.

The SSA explains to claimants: "We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled applies." 20 C.F.R. § 416.965(a) (emphasis added). "A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to ensure that remote work experience is not currently applied." *Id*.

"In some cases work performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations." SSR 82-62, 1982

---

[2]If earnings are below the presumptive monthly amount, the SSA "will generally not consider other information in addition to" earnings unless "there is evidence indicating that [a claimant] may be engaging in substantial gainful activity or [is] in a position to control when earnings are paid[.]" 20 C.F.R. § 416.974(b)(3)(i)-(ii). The SSA may also consider the nature of the work, how well the claimant performs the work, if the work is done under special conditions, and if the claimant is self-employed. 20 C.F.R. § 416.973.

WL 31386, at *2 (Jan 1., 1982). "The 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." *Id*.

"[T]he [15-]year limitation … does not create a prohibition against considering work outside that period. Rather, [the Eleventh Circuit] has held that the limitation merely creates a 'presumption of inapplicability' of skills and abilities acquired in work performed outside the fifteen year period." *Barnes*, 932 F.2d at 1358. The time frame is "advisory in nature, and its purpose is to ensure that the ALJ does not use an outdated job description in his determination of whether the claimant can perform her past relevant work." *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952 (11th Cir. 2010). A claimant "need not testify as to the specific dates that she performed her past relevant work, as long as the time period during which she performed this work is reasonably ascertainable from the record." *Id*.

## Administrative Record

During the administrative process, Bryant identified her past work as a hotel housekeeper and explained she "cleaned the rooms." *See* Tr. 214 ("Work History Report" stating she worked in housekeeping for "hotels" from 1998 to 2007 and in that job cleaned rooms); Tr. 274 ("Work Background" report stating she worked in housekeeping for Marriott and Days Inn); *accord* Tr. 51–52 (administrative hearing during which Bryant testified housekeeping is the only job she has ever done and explained she cleaned hotel rooms, made beds, and vacuumed, usually for six to seven hours daily but sometimes longer).

In a disability report, under "When did you stop working? (month/day/year)" Bryant stated, "07/15/2007." Tr. 208. In a September 2017 brief by her lawyer to the

ALJ before the administrative hearing, her lawyer wrote, "She last worked on July 15, 2007."³ Tr. 276.

A "certified earnings record" reflects these total annual earnings:

| Year | Earnings |
|---|---|
| **2002** | $10,492.13 |
| **2003** | $2293.45 |
| **2004** | None |
| **2005** | $1823.39 |
| **2006** | $2103.76 |
| **2007** | $7214.47 |

Tr. 191–92.

A "detailed earnings query" lists places of employment and how much Bryant earned from each employer. Tr. 195–98. In 2002, she worked for McKibbon Brothers, Inc. Tr. 196. In 2007, she worked for Select Hotels Group LLC. Tr. 197. (The query does not specify the actual time worked within the year.)

The ALJ conducted a hearing on September 18, 2017, Tr. 45–71, and issued a decision on January 17, 2018, Tr. 27–44.

At step one, the ALJ found Bryant has not engaged in substantial gainful activity since April 27, 2015, which is the date of her application. Tr. 32. The ALJ found Bryant has the RFC to perform medium work with additional limitations. Tr. 35. At step four, the ALJ explained,

> After reviewing the evidence, including the claimant's earnings record, the claimant's testimony and reports to the state agency about work activity, and the testimony of the vocational expert, the [ALJ] finds the

---

³This date is different than her alleged onset date of September 6, 2013 (one day after an ALJ denied a previous application for benefits). *See* Tr. 103.

> job/jobs identified by the vocational expert meet the criteria for past relevant work.
>
> Scott E. Brown, an impartial vocational expert, testified the claimant had past relevant work as a cleaner/housekeeper, DOT #323.687-014, light exertional level with an SVP of two (2). As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance, and was performed within the relevant period.
>
> … [A]fter a review of the evidence and a comparison of the physical and mental demands of this past relevant work to the residual functional capacity, [the ALJ] concurs with the testimony of the vocational expert and finds that the claimant can perform past relevant work as a[] cleaner/housekeeper, DOT #323.687-014, light exertional level with an SVP of two[.]

Tr. 39–40.

## Argument & Analysis

Bryant contends that in the 15 years before final adjudication (the ALJ's January 2018 decision)—between 2003 and 2018—her monthly earnings were below the amount presumed for substantial gainful activity.[4] Doc. 23 at 6. She adds, "Of note, at the time of the [ALJ] hearing, the claimant did work at a substantial gainful activity bas[i]s within the 15 years prior to the date of the hearing. However, the regulations direct the [ALJ] to consider the 15 years prior to the date of adjudication, not the 15 years prior to the date of the hearing or the date of the application. Therefore, by the time the decision was made, claimant's past work as a hotel

---

[4]Bryant states, "Although the claimant indicated that she worked as a hotel housekeeper from 1998 through 2007, it is clear that she did not work on a consistent basis. Her earnings from January 2003 through January[] 2018 never rose to the level which is considered substantial gainful activity, and therefore, cannot be considered past relevant work." Doc. 23 at 6. The regulation discussing the 15-year time limit adds that if a claimant has "no work experience or worked only off-and-on for brief periods of time during the 15-year period, [the SSA] generally considers that these do not apply." 20 C.F.R. § 416.965. Bryant does not appear to argue that her activity was so inconsistent as to constitute a "off-and-on" work for brief periods of time, arguing only that her earnings were too low. *See* Doc. 23 at 6.

7

housekeeper was no longer past relevant work." Doc. 23 at 6. As the Commissioner observes, Doc. 24 at 4–5, this presumably relates to Bryant's 2002 earnings of $10,492.13, which, when divided by the maximum number of 12 months (the actual months she worked that year are unknown), exceeds the monthly substantial-gainful-activity amount of $780 (averaging $874.36 a month).

The Commissioner argues affirmance is warranted for three reasons. Doc. 24.

First, the Commissioner argues Bryant's 2007 earnings (within 15 years of the ALJ's decision) exceed the substantial-gainful-activity amount of $900, observing that Bryant, by her own representations in the record, worked only half the year in 2007 (until July 15), not the whole year, increasing her monthly average to above $900. Doc. 24 at 4–5.

The Commissioner is correct. Substantial evidence (Bryant's representation in the disability report, Tr. 208, corroborated by her lawyer's statement in the brief to the ALJ, Tr. 276) supports that Bryant stopped working on July 15, 2007. The dates she worked are "reasonably ascertainable from the record," *see Waldrop*, 379 F. App'x at 952, and nothing is in the record to suggest otherwise.

Using "the actual period of time in which work was performed," *see* SSR 83-35, 1983 WL 31257 at *1 (quoted), Bryant's 2007 earnings ($7214.47) divided by six-and-a-half months equals a monthly average of $1109.92, exceeding the presumptive substantial-gainful-activity amount of $900, *see* POMS DI 10501.015.

Second, the Commissioner argues that, aside from the 2007 earnings, substantial evidence supports the ALJ's finding of past relevant work because Bryant's 2002 earnings (which she concedes exceed the substantial-gainful-activity amount, Doc. 23 at 6) could be properly considered. Doc. 24 at 5–6.

The Commissioner is correct. On these facts, considering that the 15-year limit is a presumption, not a prohibition, *see Barnes*, 932 F.2d at 1358, and that the reason

for the limit is "to ensure that remote work experience is not currently applied," 20 C.F.R. § 416.965(a), consideration of Bryant's 2002 work is not improper. The ALJ made the decision only 17 days after the 15-year period, the ALJ relied on hearing testimony provided within the 15-year period, Bryant claimed disability beginning within the 15-year period, and skills for housekeeping (cleaning rooms, vacuuming, making beds, *see* Tr. 52) would not have eroded in 17 days.

Because affirmance is warranted for either reason, the Court need not address the Commissioner's third argument (earnings are not dispositive and the evidence shows Lewis engaged in significant mental and physical activities for profit).[5] Doc. 24 at 6–8.

## Conclusion

The Court **affirms** the Commissioner's decision and directs the clerk to enter judgment for the Commissioner and against Edna Bryant and close the file.

**Ordered** in Jacksonville, Florida, on September 30, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

---

[5]The Commissioner also argues Bryant failed to offer any evidence against a past-relevant-work finding at the administrative hearing to satisfy her burden. Bryant concedes she had performed past relevant work at the time of the hearing and would have had no reason to address it then. *See* Doc. 24 at 7–8.

9